IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:15-CR-3002 |
| vs. | MEMORANDUM AND ORDER |
| GARY WILSON, | |
| Defendant. | |

This matter is before the Court on the Magistrate Judge's Findings, Recommendation, and Orders (filing 54) recommending that the Court deny the defendant's motion to suppress (filing 43) and motion to dismiss (filing 41). The defendant has not objected to the Magistrate Judge's recommendation that the Court deny the motion to suppress, but has objected (filing 57) to the Magistrate Judge's recommendation that the Court deny the motion to dismiss.

1. Motion to Suppress

The defendant has not objected to the Magistrate Judge's recommendation that the Court deny the defendant's motion to suppress (filing 43). Title 28 U.S.C. § 636(b)(1) provides for de novo review of a Magistrate Judge's findings or recommendations only when a party objects to them. *Peretz v. United States*, 501 U.S. 923 (1991). Failure to object to a finding of fact in a Magistrate Judge's recommendation may be construed as a waiver of the right to object from the district court's order adopting the recommendation of the finding of fact. NECrimR 59.2(e). And the failure to file an objection eliminates not only the need for de novo review, but any review by the Court. *Thomas v. Arn*, 474 U.S. 140 (1985); *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609 (8th Cir. 2009); *see also United States v. Meyer*, 439 F.3d 855, 858-59 (8th Cir. 2006). Accordingly, the Court will adopt the Magistrate Judge's recommendation that the defendant's motion to suppress be denied, and any objection is deemed waived.

2. Motion to Dismiss

The defendant has objected to the Magistrate Judge's recommendation that the defendant's motion to dismiss be denied. Filing 57. Title 28 U.S.C. § 636(b)(1) provides that where a party objects to a Magistrate Judge's findings and recommendation on a motion to dismiss, the Court must review the

objected portions de novo. The defendant moved to dismiss Count II of the indictment (filing 14), which charges him with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). Filing 41. In his motion to dismiss, he argues that he is not a prohibited person under the statute, and in the alternative, that he was entrapped to commit the charged offense. Filing 41. He raises the same arguments in his objections to the Magistrate Judge's recommendation that his motion to dismiss be denied. *See* filing 57.

    (a) <u>Prohibited person</u>
First, the defendant contends that he is not barred from possessing firearms under § 922(g)(1) because although he was convicted of a crime, he was placed on probation and his civil rights were later restored by the order of a state district court. Filing 42 at 1.

Section 922(g)(1) prohibits a person from possessing firearms if he "has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." Specifically:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20).

For a "restoration of civil rights" to "expressly provide[]" that a person may not possess firearms, it is sufficient that state law prohibits that person from possessing firearms. *Hood v. United States*, 342 F.3d 861, 865 (8th Cir. 2003). This is true even when the restoration order *itself* does not contain an express limitation on the person's right to possess firearms. *Id.* Thus, in *Hood*, the Eighth Circuit held that even though the defendant's sentence had been discharged and his civil rights restored, and even though his certificate of discharge did not contain an express limitation on his right to possess firearms, he was still a prohibited person under § 922(g)(1) because a state statute banned him from possessing firearms for 10 years after his discharge. *Id.* at 864–65.

Nebraska law provides that setting aside a person's conviction, or even pardoning a person, does not restore that person's right to possess firearms. *State v. Illig*, 467 N.W.2d 375, 384 (Neb. 1991). Rather, a felon's right to

possess firearms may be restored only through the Nebraska governor's express authorization. *See id.* (interpreting Neb. Rev. Stat. § 83–1,130(2)).

Here, the defendant was convicted of a felony in Douglas County, Nebraska in 1983, and was placed on probation. Filing 42 at 2. The Douglas County District Court set aside his conviction in 1985, ordering that the conviction "be nullified, and that all civil disabilities and disqualifications imposed as a result of the conviction be removed the same as though a pardon had been issued." Filing 42 at 2. However, the defendant does not contend or provide evidence that the Nebraska governor has restored the defendant's right to possess firearms. Thus, under Eighth Circuit law, the defendant's restoration of civil rights expressly provided that he was not permitted to possess firearms.

The defendant argues that his case is distinguishable from the Eighth Circuit precedent discussed above. Filing 42 at 3. First, he argues that the defendant in *Hood* received a standard certification restoring his civil rights—which neither expressly prohibited nor allowed him to possess firearms—while the defendant in the present case did not receive a similar certification. Filing 42 at 3. But the Eighth Circuit's decision in *Hood* was premised on the principle that state law controls "*regardless* of any restoration of civil rights included in a certificate of discharge." *Hood*, 342 F.3d at 865 (emphasis supplied). Nothing in the case law suggests that the particular form of the notice of restoration alters the analysis.

Second, the defendant points out that in *Hood*, a state statute provided that the certificate of discharge did not restore the right to possess firearms. Filing 42 at 3. Here, however, a Nebraska Supreme Court decision interpreting a state statute clarifies that setting aside a conviction does not restore the right to possess firearms. *See Illig*, 467 N.W.2d at 384. According to the defendant, the state statute in *Hood* was sufficient to give notice that possession of firearms was prohibited, while "Nebraska law is not apparent or clear." Filing 42 at 3. But like statutes, judicial decisions provide presumptive notice of what the law requires. *Cf., Bouie v. City of Columbia*, 378 U.S. 347, 353 (1964) (holding that *retroactive* application of an unforeseeable judicial construction of a statute is impermissible because it doesn't provide notice of the law); *United States v. Pate*, 754 F.3d 550, 556 (8th Cir. 2014) *cert. denied*, 135 S. Ct. 386 (2014) ("[Defendant] possessed the firearm after the Court decided *Sykes*, which means he cannot claim to be surprised *Sykes* applies to him . . . ."). As in *Hood*, state law clearly bars a person in the defendant's position from possessing firearms. Thus, the defendant is a prohibited person under § 922(g)(1).

(b) <u>Entrapment by estoppel</u>

In the alternative, the defendant argues that the government should be barred from prosecuting him because federal, state, and local government agents entrapped him into committing the offense by representing to him that he could legally possess firearms. Filing 42 at 4.

Rule 12 authorizes a district court to resolve before trial only those motions that "the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). "[E]ntrapment is a question of fact and generally decided by a jury." *United States v. Young*, 613 F.3d 735, 746 (8th Cir. 2010). The majority of courts that have addressed the issue have disfavored resolving entrapment defenses on pretrial motions to dismiss. *United States v. Fadel*, 844 F.2d 1425, 1430 (10th Cir. 1988); *see, United States v. Schaffer*, 586 F.3d 414, 426 (6th Cir. 2009); *United States v. Osborne*, 935 F.2d 32, 38 (4th Cir. 1991); *United States v. Yater*, 756 F.2d 1058, 1062 (5th Cir. 1985). This is because "the defense of entrapment is intertwined with the issue of intent and is typically based upon credibility determinations, an area traditionally reserved for jury resolution." *Fadel*, 844 F.2d at 1430; *see also United States v. Knox*, 396 U.S. 77, 83 (1969) (explaining that it is appropriate to resolve a duress defense at trial, not in a pretrial motion).

Here, the parties' briefs (no evidence is before the Court at this stage) clearly demonstrate the existence of factual disputes. For instance, the parties disagree as to whether the defendant's alleged reliance on the statements of various government officials was reasonable, and whether he was actually misled by those statements, among other things. *See* filing 48 at 5–7. This issue is therefore inappropriate for pretrial resolution. Accordingly, the Court will adopt the Magistrate Judge's findings and recommendation, will overrule the defendant's objections, and will deny the defendant's motion to dismiss.

IT IS ORDERED:

1. The Magistrate Judge's findings and recommendation (filing 54) are adopted.

2. The defendant's objections to the Magistrate Judge's Findings, Recommendation, and Orders (filing 57) are overruled.

3. The defendant's Motion to Suppress (filing 43) is denied

4. The defendant's Motion to Dismiss (filing 41) is denied.

Dated this 19th day of January, 2016.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
United States District Judge