IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GARY WILSON,<br><br>Defendant. | 4:15-CR-3002<br><br>MEMORANDUM AND ORDER |

The defendant, Gary Wilson, was arrested for, and subsequently pled guilty to, possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). During a search of his home and garage, the government seized various items from the defendant's possession, including—but not limited to—firearm ammunition, chemicals, fuses, and tubes. The government, citing safety concerns, has filed a motion to destroy that property. Filing 89. The defendant objects in part to the government's request, arguing that certain items should either be returned to him as the lawful owner, or turned over to a responsible third party. The Court held an evidentiary hearing on the pending motions on June 21, 2017. For the reason set forth below, the pending motion (filing 89) will be granted in part, and denied in part.

As an initial matter, neither party has provided a legal basis for their respective filings. In other words, the government does not cite a statutory framework governing motions to destroy property (because no such statute exists), and the defendant has not specifically moved under the Federal Rules of Criminal Procedure for the return of seized property. But, after reviewing the substance of the respective filings, the Court construes the present

dispute as a motion to return property under Fed. R. Crim. P. 41(g).[1] That rule provides an avenue for criminal defendants to obtain property that the government has lawfully (or unlawfully) seized from the defendant's possession. Here, the government has seized the defendant's property, and the defendant wants it back—thus, Rule 41(g) applies.

Under Rule 41, the defendant must first establish lawful entitlement to the property at issue. *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008). This burden is often satisfied where the property is seized from the movant's possession, as a person from whom property is seized is presumed to have a right to its return. *Id.* Here, the property was seized from the defendant's home, and thus the presumption of lawful entitlement applies. But the Court must also consider the defendant's status as a convicted felon and the terms of his supervisory release, which specifically forbid him from "possess[ing] a firearm, destructive device, or any other dangerous weapon." Filing 86 at 3. And those considerations are particularly relevant in this case, as much of the evidence at issue is related to, or designed for, the manufacturing of homemade explosives.

If the defendant can establish that he is legally entitled to all or some of the seized evidence, then the burden shifts to the government to articulate a "legitimate reason to retain the property." *Jackson*, 526 F.3d at 397. The government may satisfy this burden by showing a cognizable claim of ownership or right to possession adverse to the movant's. *Id.* Or, stated

---

[1] That provision provides in full: Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

differently: the Rule 41(g) motion "is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." *Id.*

Against this backdrop, and as set forth more fully below, the Court finds that the defendant is entitled to the return of some of the seized property. Some of the property will be destroyed, however, because Wilson, pursuant to the terms of his supervised release, is not legally entitled to possess it. And the Court will allow the government to turn over the remaining items to a responsible third party. The Court has received adequate assurances that the designated third party—John B. Erickson of North Platte, Nebraska—will **<u>in no way</u>** permit the defendant to obtain, or otherwise exercise control over the evidence once it is in his (Erickson's) possession.

As a final matter, this Memorandum and Order incorporates exhibits 1 (filing 89-1) and 2 (filing 89-2) that were introduced and received at the June 21 evidentiary hearing, and the accompanying photographs contained in filing 92-1 and 92-2. The item numbers listed below correspond to the respective listings in each exhibit—thus, the Court need not, and will not, individually describe each seized item below.

## 1. EVIDENCE TO BE DESTROYED

After carefully considering the evidence, the Court has determined that Wilson is *not* legally entitled to possess the items listed below. Thus, to the extent that the government moves to destroy such items, that motion will be granted:

- Exhibit 1 (filing 89-1), Items: M-3; L-1; L-2; L-3; 41 – 44; and 46.

- Exhibit 2 (filing 89-2), Items: 1 – 14[2]; 26; and 38.

The above listed items shall be destroyed.

### 2. EVIDENCE TO BE RETURNED TO DEFENDANT

After carefully considering the evidence, the Court has determined that Wilson is legally entitled to possess the following items. Thus, to the extent that the government moves to destroy such items, that motion will be denied.

- Exhibit 1, Items: M-1; M-2; L-4; and 47.
- Exhibit 2, Items: 15; 20; 25; 37; 39; 40; 46; 48 – 51; and 66 – 75.

The above listed items shall be returned to the defendant.

### 3. EVIDENCE TO BE TURNED OVER TO THIRD PARTY

The government has seized certain items which, if returned to the defendant, could result in a violation of 18 U.S.C. § 922(g), or the terms of the defendant's supervised release. Rather than destroying that material, the parties have agreed to turn the evidence over to a responsible third party. *See Henderson v. United States*, 135 S. Ct. 1780 (2015). Under *Henderson*, the Court may permit such a transfer "if, but only if, that disposition prevents the felon from later exercising control over th[e] weapons, so that he could use them or tell someone else how to do so." *Id.* at 1786. The parties have assured the Court the defendant will not control—either physically or constructively—the transferred evidence once it is in the possession of the third party.[3] And the Court reiterates that point here: the third-party in this

[2] The parties agreed to the destruction of items 1-14 as listed in Exhibit 2.

[3] The government, for example, has run an internal check on the third party to make sure that he, in fact, is legally entitled to possess such materials.

case, John B. Erickson, may not allow the defendant to exert *any* influence over the use of the evidence listed below.

As a final, logistical matter, it is the responsibility of John B. Erickson to obtain the following items from the government's possession. To this end, the government should inform Erickson of when—and how—he can do so. The government is under no responsibility, however, to deliver those items to North Platte, where Erickson resides. And to the extent that Erickson rejects any or all of the materials listed below, the government may destroy those materials, as to ensure that they do not end up in the defendant's possession.

- Exhibit 1, Items: 35 – 40; and 45.
- Exhibit 2, Items: 16; 17; 19; 21 – 24; 27 – 36; 41; 42; 44; 45; 47; 52 – 55; 57 – 65; and 76.

The above listed items shall be turned over to John B. Erickson.

**4. REMAINING EVIDENCE**

Several of the items in exhibits 1 and 2 contain evidence that falls into both camps—that is, some of the evidence should be returned, and some destroyed. Those items include:

- Exhibit 1, Item:
  - 48: The tools depicted in item 48 (including the pipe bender, electrical crimper, scale and mortar bowl) are to be <u>returned</u> to the defendant. The remaining items, including the fuses, are to be <u>destroyed</u>.
- Exhibit 2, Items:

- 18: The roll of fuse and the Pyrodex powder are to be destroyed. The remaining items, including the threaded, galvanized pipe nipples; threaded, galvanized pipe endcaps; end plugs and reduction fittings; galvanized fence post caps; brass pipe fittings; bolts; nails; and socket set, are to be returned to the defendant.

- 43: The items depicted in the first and fourth pictures, both of which are used in connection with a nail gun, are to be returned to the defendant. The items depicted in the second and third pictures, which appear to be connected to a black powder mortar, are to be destroyed.

- 56: Item 56 depicts material that appears to have already been destroyed in a garage fire. To the extent that material depicted in the accompanying photograph remains intact and usable, that material should be destroyed.

IT IS ORDERED that the government's Motion for an Order to Destroy Property Seized (filing 89) is granted in part, and denied, in part, as set forth above. The defendant's objection to that motion (filing 90) is denied as moot.

Dated this 29the day of November, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge